UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-00520-FDW-DSC

| | |
|---|---|
| JASON ALAIN MURDOCK,<br><br>  Plaintiff,<br><br>vs.<br><br>J. HAYDEN ELLIS, HUTCHENS LAW FIRM LLP, J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006 – WF1, ASHLEY WILLIAMSON, and CARLA ARCHIE,<br><br>  Defendants. | TEMPORARY RESTRAINING ORDER |

THIS MATTER is before the Court on Plaintiff's Pro Se Motion for a Temporary Restraining Order, a "Permanent Injunction,"[1] and an Emergency Hearing pursuant to Rule 65 of the Federal Rules of Civil Procedure. (Doc. No. 3). Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure provides that a court may issue a temporary restraining order without providing the adverse party with either written or oral notice only if "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required" ("**Rule 65 Certification**"). Fed. R. Civ. P. 65(b)(1)(B); see also Pennington v. Trustee Services of Carolina, LLC, No. 3:18-cv-00203-RJC, 2018 WL 2244792, at *1–2 (W.D.N.C. May 16, 2018) (holding that a where the movant is a pro se plaintiff, the plaintiff, rather than an attorney, must satisfy the Rule 65 Certification requirement). Similarly, Rule 65(a)(1) of the Federal Rules of Civil

---

[1] While Plaintiff requests a "Permanent Injunction" against all Defendants, in his Motion he cites to Rule 65(a), which discusses Preliminary Injunctions. As such, this Court construes the relief sought as a Preliminary Injunction.

1

Procedure states that the "court may issue a preliminary injunction only on notice to the adverse party." Plaintiff's Motion, which moves this Court to issue a temporary restraining order, a preliminary injunction, and an emergency hearing against Defendants, does so without written or oral notice to Defendants and does not include Plaintiff's Rule 65 Certification. Accordingly, this Court cannot grant the extraordinary relief—the issuance of an *ex parte* temporary restraining order and preliminary injunction—Plaintiff requests. See Fed. R. Civ. P. 65(b). Therefore, this Court DENIES IN PART Plaintiff's Motion, to the extent it seeks a temporary restraining order and preliminary injunction, without prejudice to be refiled upon Plaintiff's showing of compliance with Rule 65(a)–(b)(1)(B) of the Federal Rules of Civil Procedure.

Further, a plaintiff is required to have the summons and complaint served on any defendants in accord with Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(c)(1). Rule 5 of the Federal Rules of Civil Procedure extends this service requirement to include motions filed after the original complaint unless that motion may be heard *ex parte*. Fed. R. Civ. P. 5(a)(D). Here, Plaintiff has not served Defendants with the summons and complaint, nor has Plaintiff served Defendants with Plaintiff's Motion for a Temporary Restraining Order, a Permanent Injunction, and an Emergency Hearing. For the reasons discussed above, this Court is unable to hear this motion *ex parte*. To move forward with the remaining requests for a Permanent Injunction and an Emergency Hearing, Plaintiff is advised that he must comply with either the Rule 65 Certification Requirement or the service requirements of Rules 4 and 5 of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that Plaintiff's Motion for a Temporary Restraining Order, a "Permanent Injunction," and an Emergency Hearing, (Doc. No. 3), is DENIED IN PART,

to the extent it seeks a temporary restraining order and preliminary injunction. The Court DEFERS IN PART a ruling on the Motion to the extent it seeks an emergency hearing.

IT IS SO ORDERED.

Signed: October 5, 2022

_____
Frank D. Whitney
United States District Judge